UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOSEPH S. HASS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket no. 1:11-cv-243-GZS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PENDING MOTIONS**

Before the Court is Defendant's Motion to Dismiss (Docket # 7) and Plaintiff's Pro Se Motion for Default (Docket # 12). Having reviewed the motion papers, along with the entire docket, the Court hereby DENIES the Motion for Default and GRANTS the Motion to Dismiss.

As explained in the Objection to Plaintiff's Motion for Default (Docket # 13), the United States had filed a timely appearance in this case and the Court concludes that the Motion for Default should be DENIED as frivolous.

In the Motion to Dismiss, the United States asserts that this Court lacks subject matter jurisdiction over Plaintiff's claims, which must be deemed claims against the United States that are subject to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. To the extent Plaintiff's Complaint alleges tortious action by United States Marshal Stephen Monier in April 2008, Plaintiff had not presented his claim in writing to the Marshals Service by May 24, 2011. (See Auerbach Decl. (Docket # 7-2) ¶¶ 4 & 5.) As a result, Plaintiff had failed to comply with 28 U.S.C. § 2401(b) & 2675(a). Absent compliance with these exhaustion and statute of

2

limitations requirements, this Court lacks subject matter jurisdiction to decide a claim under the FTCA.

Therefore, the Court GRANTS the Motion to Dismiss and hereby DISMISSES this case for lack of subject matter jurisdiction.

SO ORDERED.

                                                  /s/ George Z. Singal
                                                  United States District Judge

Dated this 24th day of June, 2011.